MERRITT & CHAPMAN DERRICK & WRECKING CO. v. SCHERMERHORN et al.

(Circuit Court of Appeals, Second Circuit.   December 7, 1899.)

No. 7.

WHARVES—INJURY TO VESSEL.

A boat which came in on Sunday, and, without the knowledge or consent of the wharfinger, occupied a pier which had been closed for repairs, to the knowledge of her owner, and which had not in fact been reopened, did so at her own peril, and cannot recover for injuries received through the incompleted condition of the pier.

Appeal from the District Court of the United States for the Southern District of New York.

This is an appeal from a decree of the district court, Southern district of New York, dismissing a libel. The libelant sued to recover for damages sustained by its floating derrick. The vessel, while lying at pier 14, East river, on a falling tide, had her bottom pierced by two fragments of piles, which, it is contended, were part of a crib work that the owners of the pier had undertaken to remove when making certain changes in the structure.

A. F. Cushman and Le Roy S. Gove, for appellant.

H. A. Forster, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The district judge decided the cause adversely to the libelant upon the theory that the boat was placed where it was without defendants' knowledge, assent, or invitation, and in his opinion we fully concur. That for a considerable time prior to the accident the pier had been closed for repairs, to libelant's knowledge, is

undisputed; and it is a very doubtful question, upon the testimony, whether or not, by the Sunday afternoon when the derrick arrived, the situation had sufficiently changed to warrant any assumption that it had been reopened. Certainly, it was not in fact opened till the Monday morning. Moreover, the boat, without any prior communication with the owner or his agent, or the wharfinger or the harbor master, arrived on a Sunday afternoon, when the wharfinger was known to be absent, and took up a berth, not at the bulkhead, where it expected to unload, but at the pier, and at a part of the pier where, as was well known, vessels carrying such a load were not allowed by the owners of that pier to discharge cargo. With the uncertainty which existed as to whether the pier had been reopened (the bulkhead, be it remembered, had not been closed), we have no doubt that the derrick occupied this particular berth at the pier, instead of the one her captain was ordered to take at the bulkhead, at her peril. The decree of the district court is affirmed, with costs.